**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| **JERALD TYUS,** <br><br> Plaintiff, <br><br> v. <br><br> **CATERPILLAR, INC.,** <br><br> Defendant. | Case No. 05-2262 |

**OPINION**

On November 29, 2005, Plaintiff Jerald Tyus filed a complaint against Defendant Caterpillar alleging race discrimination pursuant to Title VII of the Civil Rights Act of 1964. On June 15, 2006, Caterpillar filed a Motion for Summary Judgment (#19). The matter is now fully briefed, and for the reasons that follow, the Motion for Summary Judgment is GRANTED.

FACTS

Caterpillar hired Tyus as a supplemental employee on May 19, 2004. Supplemental employees are temporary employees and are not afforded the same rights as full-time employees. For example, supplemental employees are not entitled to progressive discipline and are not subject to the collective bargaining agreement's "just cause" provision regarding termination. While employed at Caterpillar, Tyus worked on second shift in the materials department where he was responsible for driving trucks and forklifts to deliver parts throughout the facility. While employed at Caterpillar, Tyus attended department and safety team meetings. Tyus estimated he attended three

to four department safety meetings while employed at Caterpillar. Tyus recalls one meeting where the importance of safe vehicle operation was discussed.

On October 8, 2004, Tyus was driving a battery truck[1] when the truck hit a pole. The floor of the facility on which Tyus was driving was damp at the time due to rain outside. In his deposition, Tyus admitted he should not have been driving as fast as he was due to the dampness of the floor. The battery truck sustained considerable damage in the accident. The accident cost Caterpillar $21,735.00. Tyus admitted in his deposition that the accident could have been more serious in that he could have hit a person instead of a pole. Tyus's supervisor, John Amer, discussed the incident with Tyus after the accident. Tyus assured Amer he would be more careful in the future.        On January 20, 2005, Tyus crashed a diesel truck[2] into a pole. The windshield on the truck was broken as a result of the impact, resulting in $2000 worth of damage. Tyus reported the accident to his then supervisor, Allen Fedrigon. According to Tyus, the truck slipped on oil on the floor. Fedrigon reported the accident to his supervisor, Regan Hennis. Fedrigon told Hennis that Tyus had been counseled on the safe operation of vehicles and was a supplemental employee. Fedrigon recommended that Tyus be terminated as a result of the two accidents. Hennis determined that Tyus should be terminated.

When Tyus arrived at work on January 21, 2005, Fedrigon told Tyus to go to the tire dock and Fedrigon would be down with Brad Johnson and Tyus's union representative. Johnson then informed Tyus that he was being terminated for unsafe acts. Tyus admits that he does not know anyone else who crashed two trucks into two poles in such a short period of time.

---

[1] A battery truck is a type of forklift.

[2] A diesel truck is also a type of forklift.

ANALYSIS

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, the court must decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). In reaching this decision, the court must consider the evidence in the light most favorable to the party opposing summary judgment. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The burden of establishing that no genuine issue of material fact exists rests with the movant. Jakubiec v. Cities Serv. Co., 844 F.2d 470, 473 (7th Cir. 1988). Furthermore, this court is to construe pro se filings liberally. Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001).

A claim of discrimination under Title VII may be proven directly or indirectly. O'Neal v. City of New Albany, 293 F.3d 998, 1003 (7th Cir. 2002). Tyus lacks any direct evidence of race discrimination and so his claim must be evaluated under the indirect method of proof as established by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Traylor v. Brown, 295 F.3d 783, 787-88 (7th Cir. 2002). Under this analytic framework, the plaintiff first must establish certain prima facie elements for a case of race discrimination: (1) he is a member of a protected class; (2) he was performing his job satisfactorily; (3) he suffered an adverse employment action; and (4) similarly-situated employees outside the protected class were treated more favorably. Traylor, 295 F.3d at 788. If the plaintiff can meet this initial showing, then the burden shifts to the employer to assert a legitimate, nondiscriminatory reason for the challenged action. Simmons v. Chicago Bd. of Educ.,

289 F.3d 488, 492 (7th Cir. 2002). The burden then shifts back to the plaintiff to present evidence that would allow the trier of fact to conclude that the employer's proffered reason is pretextual. Simmons, 289 F.3d at 492.

This court will first turn to the issue of whether Caterpillar's reason for Tyus's termination was pretextual because absent a finding of pretext there is no need to address whether Tyus has established a prima facie case. See Holmberg v. Baxter Healthcare Corp., 901 F.2d 1387, 1391 (7th Cir. 1990). The reason offered by Caterpillar for Tyus's termination is the fact that he crashed two forklift trucks within a three month period, causing over $23,000 in damage. Tyus was terminated the day after the second accident, and the reason given for his termination was his unsafe acts. Tyus does not deny that the two accidents happened. In his response, Tyus asserts that two employees engaged in a fist fight and were not terminated. Tyus also asserts another employee was involved in a forklift accident where people were injured but the employee was not terminated. However, these circumstances are not the same as are present in the instant case, where Tyus was involved in forklift accidents twice within a three month period. Furthermore, Tyus has presented no evidence which links his termination to his race. This court does "not sit as a super-personnel department weighing the prudence of employment decisions made by [corporations] charged with employment discrimination." O'Regan v. Arbitration Forums, Inc., 246 F.3d 975, 984 (7th Cir. 2001). Because Tyus has not established the reason for his termination provided by Caterpillar is pretextual, summary judgment is warranted.

IT IS THEREFORE ORDERED:

(1) Defendant's Motion for Summary Judgment (#19) is GRANTED.

(2) The final pretrial conference scheduled for October 26, 2006, and the jury trial scheduled to begin November 6, 2006, are VACATED.

(3) This case is terminated.

ENTERED this 23rd day of August, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE